UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| TREMAINE CARROLL, | Case No. 2:18-cv-01832-SVW-JC |
|---|---|
| Plaintiff, | |
| v. | ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND; (2) DENYING PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; AND (3) DIRECTING PLAINTIFF TO RESPOND TO ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

## I.   INTRODUCTION

On or about February 27, 2018, Tremaine Carroll ("plaintiff"), who is in custody, is proceeding *pro se*, and has been granted leave to proceed without prepayment of filing fees ("IFP"), submitted a document entitled "Petition for Preliminary Injunctive Relief, Temporary Restraining Order, Civil Action U.S. 1983, Appointment of Counsel," which is liberally construed as a Civil Rights Complaint ("Complaint" or "Comp.") filed pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*[1] (Docket No. 1).  The Complaint sues the following unnamed defendants in

---

[1]As detailed in this Court's March 18, 2021 Order (Docket No. 13 at 2-4), this case was previously dismissed without prejudice on May 15, 2018, due to plaintiff's prolonged failure to
(continued...)

their individual and official capacities: (1) the State of California (Doe 1); (2) the Director of the California Department of Corrections and Rehabilitation ("CDCR") (Doe 2); (3) the Secretary of the CDCR (Doe 3); (4) the Chief Medical Officer of the CDCR (Doe 4); (5) the "Contract/Signer of Contract" for the CDCR (Doe 5); (6) the Warden of the California State Prison - Los Angeles County ("CSP-LAC") (Doe 6); (7) the "CMO" (Doe 7); (8) the "CDCR Mental Health CMO" (Doe 8); (9) the Mental Health Supervisor (Doe 9); and (10) the CSP-LAC Nursing Supervisor (Doe 10). (Comp. at 3). Although far from clear, the Complaint appears to claim that defendants violated plaintiff's rights under the ADA and the United States Constitution by retaliating against him for submitting complaints and by failing to accommodate plaintiff's disabilities, to protect him from harm, and to provide adequate medical care, among other violations.[2] (See Comp. at 1-3). Within the Complaint, plaintiff also requests a temporary restraining order ("TRO") and preliminary injunction to have plaintiff removed from CDCR custody and placed in a "federal medical facility" because there is "nowhere safe for him to go in CDCR" due to his "medical/mental health impairments and CDCR's constant retaliation for [plaintiff] reporting being the victim of employee sexual misconduct." (See Comp. at 1-2).

---

[1](...continued)
comply with the Court's orders and applicable rules by either paying the filing fee or submitting an IFP request and inmate trust account statement, among other requirements. On March 18, 2021, the case was reopened as the Court vacated the dismissal order and judgment upon finding sufficient grounds for reopening this action based on excusable neglect. Plaintiff was again ordered to either pay the filing fee or submit an IFP request and inmate trust account statement. After further delays, plaintiff eventually submitted the required IFP documents, and the Court granted plaintiff leave to proceed IFP on June 24, 2022. (Docket No. 20).

[2]Although the Complaint does not mention the Constitution or any provisions therein, the Court construes the Complaint liberally and assumes plaintiff intends to assert claims for violation of his constitutional rights, as discussed below.

2

For the reasons explained below, the Complaint is dismissed with leave to amend, and plaintiff's request for a TRO and preliminary injunction is denied without prejudice.

## II. THE COMPLAINT

### A. Allegations

The Complaint, liberally construed, alleges the following:

Plaintiff suffers from mental and physical disabilities, including mobility and hearing impairments, for which he is designated by CDCR at the "EOP" (Enhanced Outpatient) level of care. (Comp. at 1). The CDCR assertedly does not heed the requirements of the ADA or federal and state laws regarding such disabilities. (Comp. at 2).

At CSP-LAC, where plaintiff was previously housed, the California Inspector General deemed the facilities non-compliant with ADA accessibility guidelines due to the lack of ramps, railings, and other accommodations in the showers, cells, restrooms, paths of travel, and all other areas accessed by inmates and staff who rely on mobility assistance devices. (Comp. at 2). When plaintiff arrived at CSP-LAC, he submitted several administrative complaints and reasonable accommodation requests noting that his placement at the prison violates his ADA rights, but he received no response. (Comp. at 2).

Plaintiff was severely injured while falling in his wheelchair, and he continues to suffer due to a lack of adequate medical treatment following the incident. (Comp. at 2). However, plaintiff's health care requests and grievances have been ignored, denied, lost, rejected, or cancelled, in an effort by CDCR to deprive plaintiff of due process and prevent him from exhausting his administrative remedies regarding issues that place him in "clear imminent danger" of physical injury or death. (Comp. at 2-3).

Plaintiff has also been subject to "CDCR's constant retaliation for [plaintiff] reporting being the victim of employee sexual misconduct." (Comp. at 2).

1  Plaintiff seeks damages for defendants' "failure to protect" him from
2  "physical/mental injury," and for "participating/supervising [and] authorizing
3  cover-ups, code-of-silence, etc." (Comp. at 3).

      **B.**     **Pertinent Law**

           **1.**     **The Screening Requirement**

As plaintiff is a prisoner proceeding IFP on a civil rights complaint against governmental defendants, the Court must screen the Complaint, and is required to dismiss the case at any time it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c); Byrd v. Phoenix Police Dep't, 885 F.3d 639, 641 (9th Cir. 2018) (citations omitted).

When screening a complaint to determine whether it states any claim that is viable, the Court applies the same standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted). Rule 12(b)(6), in turn, is read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure. Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013). Under Rule 8, each complaint filed in federal court must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum a complaint must allege enough specific facts to provide *both* "fair notice" of the particular claim being asserted *and* "the grounds upon which [that claim] rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing Twombly, 550 U.S. at 555).

///

To avoid dismissal on screening, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Byrd, 885 F.3d at 642 (citations omitted); see also Johnson v. City of Shelby, Mississippi, 574 U.S. 10, 12 (2014) (per curiam) (Twombly and Iqbal instruct that plaintiff "must plead facts sufficient to show that [plaintiff's] claim has substantive plausibility"). A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Iqbal, 556 U.S. at 678 (citation omitted); see also Keates v. Koile, 883 F.3d 1228, 1242 (9th Cir. 2018) ("[A] [Section 1983] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") (quoting Iqbal, 556 U.S. at 676); Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (complaint "must allege the basis of [plaintiff's] claim against *each* defendant" to satisfy Rule 8 requirements) (emphasis added). Allegations that are "merely consistent with" a defendant's liability, or reflect only "the mere possibility of misconduct" do not "show[] that the pleader is entitled to relief" (as required by Fed. R. Civ. P. 8(a)(2)), and thus are insufficient to state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678-79 (citations and quotation marks omitted).

At this preliminary stage, "well-pleaded factual allegations" in a complaint are assumed true, while "[t]hreadbare recitals of the elements of a cause of action" and "legal conclusion[s] couched as a factual allegation" are not. Id. (citation and quotation marks omitted); Jackson v. Barnes, 749 F.3d 755, 763 (9th Cir. 2014) ("mere legal conclusions 'are not entitled to the assumption of truth'") (quoting Iqbal, 556 U.S. at 678-79), cert. denied, 574 U.S. 1077 (2015). In addition, the Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998) (citation omitted), and

"need not [] accept as true allegations that contradict matters properly subject to judicial notice or by exhibit," Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001) (citation omitted).

In general, civil rights complaints are interpreted liberally in order to give *pro se* plaintiffs "the benefit of any doubt." Byrd, 885 F.3d at 642 (citations and internal quotation marks omitted). Nonetheless, a *pro se* plaintiff must still follow the rules of procedure that govern all litigants in federal court, including the Rule 8 requirement that a complaint minimally state a short and plain statement of a claim that is plausible on its face. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (citation omitted), cert. denied, 516 U.S. 838 (1995); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 954 (9th Cir. 2011) (en banc) ("[A] liberal interpretation of a . . . civil rights complaint may not supply essential elements of [a] claim that were not initially pled.") (quoting Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992)) (quotation marks omitted; ellipses in original).

If a *pro se* complaint is dismissed because it does not state a viable claim, the court must freely grant "leave to amend" if it is "at all possible" that the plaintiff could fix the identified pleading errors by alleging different or new facts. Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted); Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc) (citations and internal quotation marks omitted).

**2. Section 1983 Claims**

To state a Section 1983 claim, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).

There is no vicarious liability in Section 1983 lawsuits.  Iqbal, 556 U.S. at 676. (citing, *inter alia*, Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 691 (1978)).  Hence, a government official may not be held liable under Section 1983 unless the particular official's own actions caused the alleged constitutional deprivation.  OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012) (citing Iqbal, 556 U.S. at 676), cert. denied, 571 U.S. 819 (2013). A Section 1983 plaintiff must establish both causation-in-fact and proximate (*i.e.*, legal) causation.  See Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).  Allegations regarding Section 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted).  "Sweeping conclusory allegations [regarding causation] will not suffice . . . ."  Id. (citation omitted).

     An individual "causes" a constitutional deprivation basically when he (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." Lacey v. Maricopa County, 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)) (quotation marks omitted).

     Similarly, a government official acting in a supervisory capacity "causes" a deprivation to the extent he (1) personally participates in or directs a subordinate's constitutional violation; or (2) was not "physically present when the [plaintiff's] injury occurred," but the constitutional deprivation can, nonetheless, be "directly attributed" to the supervisor's own wrongful conduct.  Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011), cert. denied 566 U.S. 982 (2012); see also OSU

Student Alliance, 699 F.3d at 1069 (citing Iqbal, 556 U.S. at 676). Under the latter theory, even absent "overt personal participation," a supervisor may be liable under Section 1983 if he or she created, promulgated, implemented, advanced, or was otherwise responsible for the continued operation of a policy that "requires subordinates to commit constitutional violations," and enforcement of the policy (either by the defendant-supervisor or his/her subordinates) proximately caused the plaintiff's constitutional injury. OSU Student Alliance, 699 F.3d at 1076 (citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010), cert. denied, 563 U.S. 960 (2011)); see also Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (supervisory officials may be held liable "even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of a constitutional violation'") (citation and internal quotation marks omitted).

**C.    Discussion**

Plaintiff's Complaint is dismissed with leave to amend for violation of Rules 8 and 10 of the Federal Rules of Civil Procedure, among other deficiencies.

The Complaint fails to comply with Rule 10(a) because it does not name "all the parties" in the caption. See Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir.), as amended (May 22, 1992) (affirming dismissal of action based on failure to comply with court order that complaint be amended to name all defendants in caption as required by Rule 10(a)), cert. denied, 506 U.S. 915 (1992). The caption names only the "State of California, et al.," which does not suffice. (Comp. at 1). Dismissal with leave to amend is therefore warranted for violation of Rule 10(a).

The Complaint violates Rule 8(a) because it fails to provide "fair notice" as to which defendants are being sued for what particular conduct, and on what legal grounds. See Twombly, 550 U.S. at 555 & n.3 (Rule 8(a) requires a complaint to give "fair notice" of the particular claims being asserted against them and "the grounds upon which [the claims] rest[]") (citation and quotation marks omitted);

McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); see also Cafasso, 637 F.3d at 1058 (a complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint).  The three-page handwritten Complaint (not including exhibits) instead generally alleges various purported civil rights violations or other conduct – such as "failure to protect, physical/mental injury, participating/supervising, authorizing cover-ups, code-of-silence, etc." (Comp. at 3) – and lists ten different (albeit unnamed) defendants who hold a variety of different positions within the CDCR and CSP-LAC, yet plaintiff never indicates what each defendant did to harm plaintiff, or on what legal ground(s) each defendant is being sued.  Moreover, aside from general references to Section 1983 and the ADA, plaintiff fails to identify any statutes, constitutional provisions, or other legal grounds at issue in this action.  As such, the Complaint clearly fails to give defendants fair notice of the claims against them, and dismissal is therefore warranted for violation of Rule 8.  To remedy this problem, plaintiff must, at a minimum, separate each legal predicate into a separate claim and expressly identify which defendant(s) are sued in each claim, and which allegations are at issue in each claim.

Given these violations of the Federal Rules of Civil Procedure, the Court must dismiss the Complaint with leave to amend.  The Court will nevertheless highlight several other deficiencies in the Complaint.

First, plaintiff fails to allege a violation of his rights under ADA.  To state an ADA claim, plaintiff must essentially show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his

///

disability.³ Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002), cert. denied, 537 U.S. 1105 (2003); see 42 U.S.C. § 12132. Plaintiff alleges that CSP-LAC's facilities do not comply with ADA accessibility guidelines because the facilities are "unsafe" due to "hazardous" showers, restrooms, cells, and paths of travel, and a lack of "ramps, rails, etc." to accommodate plaintiff's mobility impairment. (Comp. at 2). However, notwithstanding these general allegations of non-compliance, plaintiff fails to allege facts showing that he was excluded from any service, program, or activity because of his disabilities, as required to state an ADA claim.⁴

Second, plaintiff also fails to state a claim predicated on defendants' retaliation against him for reporting misconduct. To prevail on a First Amendment retaliation claim, plaintiff must demonstrate that (1) he engaged in conduct that is protected under the First Amendment; (2) a government official took "adverse action" against him; (3) plaintiff's protected conduct was the "substantial or motivating factor" behind the official's action; (4) the official's retaliatory action "would chill or silence a person of ordinary firmness from future First Amendment activities"; and (5) the action "did not advance legitimate goals" institution because it was either "arbitrary and capricious" or "unnecessary to the maintenance of order in the institution." Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012)

---

³The provisions of the ADA only provide for causes of action against public entities, not public officials sued in their individual capacities. See 42 U.S.C. § 12132; Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187 (9th Cir. 2003); see also Baribeau v. City of Minneapolis, 596 F.3d 465, 484 (8th Cir. 2010) ("Individuals in their personal capacities [] are not subject to suit under Title II [of the ADA], which provides redress only from public entities.") (per curiam) (citing Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc), cert. dismissed, 529 U.S. 1001 (2000)).

⁴In addition, to obtain damages under Title II of the ADA, plaintiff would need to demonstrate that the defendant public entity acted with deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138-39 (9th Cir. 2001). Moreover, any claim for injunctive relief with respect to CSP-LAC appears to be moot here as plaintiff is no longer housed at such facility, as discussed below.

10

1  (citations and internal quotation marks omitted).  A complaint that does not allege
2  a "chilling effect" may still state a viable retaliation claim if it alleges that plaintiff
3  "suffered some other harm . . . that is more than minimal. . . ." Id. at 1114
4  (citations and internal quotation marks omitted).  Here, plaintiff simply alludes to
5  "CDCR's constant retaliation for [plaintiff] reporting being the victim of employee
6  sexual misconduct," without providing any more facts about the nature or
7  circumstances of the purported retaliation.  (Comp. at 2).  This vague allegation
8  alone fails to plausibly demonstrate that CDCR took any "adverse action" to
9  silence or harm plaintiff, or that plaintiff's reports were the "substantial or
10 motivating factor" behind the adverse actions.  See Watison, 668 F.3d at 1114-15.
11         Third, the Complaint fails to state a claim predicated on a failure to provide
12 humane conditions of confinement or protect plaintiff from harm.  To state an
13 Eighth Amendment claim predicated on a failure to provide "humane conditions of
14 confinement" or to protect plaintiff from harm caused by such conditions, plaintiff
15 must allege facts showing that his conditions posed a "substantial risk of serious
16 harm" and that defendants responded to these conditions with "deliberate
17 indifference" – *i.e.*, that defendants actually knew that the conditions posed a
18 substantial risk of serious harm to plaintiff, but purposely "disregard[ed] that risk
19 by failing to take reasonable measures to abate it."  See Farmer v. Brennan, 511
20 U.S. 825, 837, 847 (1994).  Here, as stated above, plaintiff alleges that CSP-LAC's
21 facilities do not comply with ADA accessibility guidelines and are "unsafe" due to
22 "hazardous" showers, restrooms, cells, and paths of travel, and a lack of "ramps,
23 rails, etc." to accommodate plaintiff's mobility impairment. (Comp. at 2).  Plaintiff
24 also alleges that he "was severely injured while falling in his wheelchair" (Comp.
25 at 2), but he offers no information about the circumstances that caused the injury.
26 These general allegations do not sufficiently demonstrate that any of conditions
27 presented a "substantial risk of serious harm" to plaintiff or that any defendants
28 were aware of or deliberately indifferent to such risk.

Fourth, the Complaint similarly fails to state a claim predicated on a failure to provide adequate medical care. Prison officials violate the Eighth Amendment when they respond with deliberate indifference to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 103-05 (1976) (citations and footnotes omitted). An inmate's medical need is sufficiently "serious" if, objectively, the failure to treat it "will result in significant injury or the unnecessary and wanton infliction of pain." Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (citations and internal quotation marks omitted). A prison official acts with deliberate indifference when the official is subjectively aware of, but *purposefully* ignores or fails to respond to an "excessive risk to inmate health" (*i.e.*, a serious medical need). Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citations omitted). Here, plaintiff alleges that he "continues to suffer" because he received "either inadequate or no medical treatment" after being injured from a fall in his wheelchair, and his subsequent health care requests and grievances regarding his injuries have been rejected or ignored. (Comp. at 2-3). However, plaintiff does not allege any facts about the type or severity the injuries he suffered, defendants' awareness of these injuries, or the medical treatment (if any) that he received. As such, plaintiff fails to plausibly show that defendants were deliberately indifferent to any "serious medical need."

Fifth, plaintiff fails to state a claim predicated on the processing of plaintiff's administrative grievances or appeals. (See Comp. at 2-3). Plaintiff has no due process right to a certain grievance procedure, and the processing or rejection of grievances or appeals, without more, cannot serve as a basis for Section 1983 liability.[5] See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners do

---

[5]While a prison official's alleged failure to process an inmate grievance may implicate a prisoner's First Amendment right of access to the courts, the Complaint fails to state such a claim because plaintiff does not plausibly allege that an actual injury resulted simply from any
(continued...)

not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted), cert. denied, 541 U.S. 1063 (2004); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.) (due process not violated simply because defendant fails properly to process grievances submitted for consideration), cert. denied, 488 U.S. 898 (1988); see also Shallowhorn v. Molina, 572 F. App'x 545, 547 (9th Cir. 2014) (district court properly dismissed Section 1983 claims against defendants who "were only involved in the appeals process") (citing Ramirez, 334 F.3d at 860).

Sixth, even if plaintiff had adequately alleged a violation of his rights, he still fails to allege that any of the individual defendants caused such purported violations. As indicated above, "[a] public official is liable under § 1983 only 'if he *causes* the plaintiff to be subjected to a deprivation of his constitutional rights.'" Baker v. McCollan, 443 U.S. 137, 142 (1979) (citation omitted; emphasis in original); Harper, 533 F.3d at 1026. Public officials cannot be held liable for civil rights violations based simply on their supervisory roles. See Taylor, 880 F.2d at 1045 ("There is no respondeat superior liability under section 1983.") (citation omitted). Instead, as explained above, a government official acting in a supervisory capacity "causes" a deprivation only if he or she personally participated in or directed the alleged violation, of if the alleged violation can otherwise be "directly attributed" to the supervisor's own wrongful conduct. Starr v. Baca, 652 F.3d at 1207. Here, plaintiff fails to provide facts showing that any defendant caused an alleged violation of plaintiff's rights.

---

⁵(...continued)
defendant's failure to process plaintiff's grievances, or that any such misconduct actually "hindered his efforts to pursue a [nonfrivolous] legal claim." Lewis v. Casey, 518 U.S. 343, 351-53, 354-55 (1996) (To establish any denial of access claim, a plaintiff must show that he suffered an "actual injury" as a result of the defendants' actions.); see generally Bounds v. Smith, 430 U.S. 817, 821 (1977) (well-established that prisoners have a constitutional right of access to the courts), abrogated in part on other grounds by, Lewis, 518 U.S. at 354.

Seventh, plaintiff cannot assert claims for damages against the State of California or against defendants in their official capacities. An official capacity suit against a public employee is equivalent to a suit against his/her employer. Kentucky v. Graham, 473 U.S. 159, 166 (1985); Hartmann, 707 F.3d at 1127. In this case, the named defendants are employees of the CDCR, a state agency. Holley v. Cal. Dep't of Corrs., 599 F.3d 1108, 1111 (9th Cir. 2010); Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009). The Eleventh Amendment prohibits suits against a state or its agencies or departments for legal or equitable relief, Papasan v. Allain, 478 U.S. 265, 276-77 (1986); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984), and it bars federal court damages actions. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that '§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity[.]'" Dittman v. State of Cal., 191 F.3d 1020, 1025-26 (9th Cir. 1999) (citations omitted), cert. denied, 530 U.S. 1261 (2000); Brown, 554 F.3d at 752. Thus, the Eleventh Amendment bars plaintiff's Section 1983 claims for damages against the State of California and against defendants in their official capacities. Will, 491 U.S. at 71; Green v. Mansour, 474 U.S. 64, 73-74 (1985); Graham, 473 U.S. at 169-70.

Finally, to the extent plaintiff seeks prospective injunctive relief with respect to CSP-LAC, such claims appear moot since plaintiff is no longer housed at such facility and does not allege he has any reasonable expectation of returning to it. See Alvarez v. Hill, 667 F.3d 1061, 1064 (9th Cir. 2012); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); see also Pride v. Correa, 719 F.3d 1130, 1138 (9th Cir. 2013) ("When an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, his claim [for injunctive relief] is moot.");

1   <u>Nelson v. Heiss</u>, 271 F.3d 891, 897 (9th Cir. 2001) ("[W]hen a prisoner is moved
2   from a prison, his action will usually become moot as to conditions at that
3   particular facility.").
4       Accordingly, plaintiff's Complaint warrants dismissal with leave to amend.

## III. REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

As noted above, plaintiff requests a TRO and preliminary injunction to have plaintiff removed from CDCR custody and placed in a "federal medical facility" because there is "nowhere safe for him to go in CDCR" due to his "medical/mental health impairments and CDCR's constant retaliation for [plaintiff] reporting being the victim of employee sexual misconduct." (<u>See</u> Comp. at 1-2).

Federal Rule of Civil Procedure 65 authorizes courts to issue TROs and preliminary injunctions. "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." <u>Lockheed Missile & Space Co. v. Hughes Aircraft Co.</u>, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A TRO is simply a means to preserve the status quo and prevent irreparable harm until a hearing may be held on the propriety of a preliminary injunction. <u>See</u> <u>Reno Air Racing Ass'n, Inc. v. McCord</u>, 452 F.3d 1126, 1131 (9th Cir. 2006). In either case, courts consider whether a plaintiff is likely to succeed on the merits, whether he is likely to suffer irreparable harm in the absence of preliminary relief, whether the balance of equities tips in his favor, and whether an injunction is in the public interest." <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008); <u>Edge v. City of Everett</u>, 929 F.3d 657, 663 (9th Cir. 2019), <u>cert. denied</u>, 140 S. Ct. 1297 (2020). A preliminary injunction "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." <u>Winter</u>, 555 U.S. at 22; <u>American Beverage Ass'n v. City & County of San Francisco</u>, 916 F.3d 749, 754 (9th Cir. 2019) (en banc). Here, plaintiff has not clearly shown that he is entitled to the injunctive relief he requests.

  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. U.S. Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985); Price v. City of Stockton, 390 F.3d 1105, 1117 (9th Cir. 2004). Here, no defendant has yet been served or appeared in this action and, in light of the dismissal of the Complaint herein, it is not appropriate at this juncture for the Court to order any defendant to be served. As such, this Court has no personal jurisdiction over any defendant. See Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); Crowley v. Bannister, 734 F.3d 967, 974-75 (9th Cir. 2013) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served [with the summons and complaint] in accordance with Fed. R. Civ. P. 4.") (citation and internal quotation marks omitted). Plaintiff's requests are therefore premature. See, e.g., Hussain v. Ponce, 2019 WL 1055235, *2 (C.D. Cal. 2019) ("Plaintiff's [third amended complaint] has not yet been screened in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A(a) to determine whether it states cognizable claims. The Court therefore has not issued summons and ordered service of the [third amended complaint], and the defendant has not been served or appeared in this action. Accordingly, the Court does not have jurisdiction over the defendant. Without jurisdiction over the defendant, the Court thus lacks the authority to issue injunctive relief against her.") (citations omitted); Smith v. Oreol, 2017 WL 11296962, *2 (C.D. Cal. 2017) ("Plaintiff's preliminary injunction is premature. Plaintiff has not yet filed a complaint that contains a cognizable claim for relief, and by extension, no defendants have been served with a summons and complaint. Therefore, the Court lacks jurisdiction over any of the individuals alleged to be

///

involved in the harassment."). Accordingly, plaintiff's request for a TRO and preliminary injunction must be denied without prejudice.

### IV. ORDERS

In light of the foregoing, IT IS HEREBY ORDERED that the Complaint is dismissed with leave to amend, and plaintiff's request for a TRO and preliminary injunction is denied without prejudice.

IT IS FURTHER ORDERED that within twenty (20) days of the date of this Order, plaintiff must do one of the following:

1. File a First Amended Complaint which cures the pleading defects set forth herein;[6] or

2. Sign and file the attached Notice of Dismissal which will result in the voluntary dismissal of this action without prejudice; or

3. File a Notice of Intent to Stand on Complaint, indicating plaintiff's intent to stand on the original Complaint despite the pleading defects set forth herein, which may result in the dismissal of this action in its entirety based upon such defects.

///

---

[6]The Clerk is directed to provide plaintiff with a Central District of California Civil Rights Complaint Form, CV-66, to facilitate plaintiff's filing of a First Amended Complaint if he elects to proceed in that fashion. Any First Amended Complaint must: (a) be labeled "First Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the original Complaint – *i.e.*, it must include all claims on which plaintiff seeks to proceed (Local Rule 15-2); (c) contain a "short and plain" statement of each of the claim(s) for relief (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" (Fed. R. Civ. P. 8(d)(1)); (e) set forth clearly the sequence of events giving rise to the claim(s) in sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances" (Fed. R. Civ. P. 10(b)); (f) allege specifically what the defendant did and how that individual's conduct specifically violated plaintiff's civil rights; (g) state the names of all defendants in the caption and not include in the body of the First Amended Complaint defendants who are not also named in the caption (Fed. R. Civ. P. 10(a)); (h) be signed by plaintiff who is proceeding *pro se* (Fed. R. Civ. P. 11; Local Rule 11-1); and (i) not add defendants or claims that are not reasonably related to the claim asserted in the original Complaint.

**Plaintiff is cautioned that plaintiff's failure timely to file a First Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on Complaint may be deemed plaintiff's admission that amendment is futile, and may result in the dismissal of this action with or without prejudice on the grounds set forth above, on the ground that amendment is futile, for failure diligently to prosecute and/or for failure to comply with this Order.**

IT IS SO ORDERED.

DATED: July 8, 2022

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE