UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE CARROLL,<br><br>               Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>               Defendants. | Case No. 2:18-cv-01832-SVW-JC<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I. BACKGROUND AND SUMMARY

On February 27, 2018, Plaintiff Tremaine Carroll, who is in custody, is proceeding *pro se*, and was subsequently granted leave to proceed without prepayment of filing fees ("IFP"), submitted a document which was liberally construed as a Civil Rights Complaint ("Complaint") filed pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*[1] (Docket Nos. 1, 20).

As Plaintiff is a state prisoner and is proceeding IFP, the Court screened the Complaint to determine if the action is frivolous or malicious, fails to state a claim

---

[1] This case was previously closed and was reopened on March 18, 2021. (See Docket No. 13 at 2-4).

on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c).

On July 14, 2022, the Court dismissed the Complaint with leave to amend due to various deficiencies ("July Order").  (Docket No. 22).  The July Order gave Plaintiff twenty (20) days (*i.e.*, until August 3, 2022), to file a First Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on the Complaint despite its deficiencies.  The July Order cautioned Plaintiff, in bold-faced print, that Plaintiff's failure timely to file a First Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on Complaint may be deemed Plaintiff's admission that amendment is futile, and may result in the dismissal of this action with or without prejudice on the grounds set forth in the July Order, on the ground that amendment is futile, for failure diligently to prosecute and/or for failure to comply with the July Order.

On August 3, 2022, Plaintiff filed a motion requesting, among other relief, a ninety-day extension of time to comply with the July Order.  (Docket No. 23).  On August 11, 2022, the Magistrate Judge issued an order ("August Order") granting such request in part and extending Plaintiff's deadline to comply with the July Order to October 3, 2022.  (Docket No. 24).  The August Order again cautioned Plaintiff, in bold-faced print that Plaintiff's failure timely to file a First Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on Complaint by the foregoing extended deadline may be deemed Plaintiff's admission that amendment is futile, and may result in the dismissal of this action with or without prejudice on the grounds set forth in the July Order, on the ground that amendment is futile, for failure diligently to prosecute and/or for failure to comply with the July Order and/or the August Order.

The foregoing October 3, 2022 extended deadline expired without any action by Plaintiff.  Plaintiff has not sought a further extension of the deadline to comply

with the July Order, nor has he otherwise communicated with the Court since his initial extension request on August 3, 2022.

As explained below, this action is dismissed without prejudice based on Plaintiff's failure to comply with the July Order (as extended by the August Order) and Plaintiff's failure to prosecute.

## II. PERTINENT LAW

It is well-established that a district court may dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). A district judge may not dismiss an action for failure to comply with a court order or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).

## III. DISCUSSION AND ORDER

First, the July Order was not erroneous. It properly notified Plaintiff of the deficiencies in the Complaint and it afforded Plaintiff an opportunity to amend effectively.

Second, dismissal is appropriate based upon Plaintiff's failure to comply with the July Order (as extended by the August Order) and Plaintiff's failure to prosecute. The Court has considered the five factors discussed above – the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, the risk of prejudice to defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket – strongly weigh in favor of dismissal. As noted above, Plaintiff has been notified of the deficiencies in the Complaint and has been given the opportunity to amend it, to dismiss this matter, or to notify the Court that he wishes to stand on it. He has done nothing. See Edwards, 356 F.3d at 1065. The third factor, risk of prejudice to defendants, also weighs strongly in favor of dismissal. See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from unreasonable delay) (citation omitted). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. As for the fifth factor, since Plaintiff has already been cautioned

of the consequences of his failure to prosecute, and his failure to comply with the July Order (as extended by the August Order), and has been afforded the opportunity to avoid such consequences but has not responded, no sanction lesser than dismissal without prejudice is feasible. See, e.g., Yourish, 191 F.3d at 989 (dismissal of action *with prejudice* not excessive sanction for plaintiffs' failure timely to comply with court's order to submit an amended complaint).

IT IS THEREFORE ORDERED that this action is dismissed based upon Plaintiff's failure to comply with the July Order (as extended by the August Order) and Plaintiff's unreasonable failure to prosecute. Each of the foregoing bases for dismissal independently justifies dismissal of this action without prejudice.

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.

DATED: May 3, 2023

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE